UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FRANCISCO SOSA, :
       Petitioner, :
        :
  v. : CA 08-408 ML
        :
ASHBEL T. WALL, et al., :
       Respondents. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Francisco Sosa ("Sosa" or "Petitioner"), *pro se,* filed a petition for a writ of habeas corpus seeking release from confinement. See Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document ("Doc.") #1) ("Petition"). The Attorney General of the State of Rhode Island ("Attorney General" or "Respondent"), designated a party-respondent, filed a motion to dismiss the petition, see Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #3) ("Motion to Dismiss"), arguing that the Petition is time-barred, see Memorandum in Support of State's Motion to Dismiss Petition for Writ of Habeas Corpus ("Respondent's Mem.") at 2-3. Petitioner subsequently filed a Motion to Withdraw under Rule 41 (Doc. #6) ("Motion to Withdraw"), seeking to withdraw the Petition, see Motion to Withdraw at 1.

    The Motion to Dismiss and Motion to Withdraw have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary. For the reasons that follow, I recommend that the Motion to Dismiss be ruled moot, that the Motion to Withdraw be granted, and that the Petition be dismissed without prejudice.

**Discussion**

Petitioner "respectfully requests that this Honorable Court allow him to voluntar[i]ly withdraw his second or s[uc]cessive petition under rule 41."[1]  Motion to Withdraw at 1.  Petitioner states that:

> The Petitioner was unaware of rule 9 of the Federal rules of civil procedure.[2]  The Petitioner now realizes that he first has to request permission before the appropriate court of appeals before bringing a second or s[uc]cessive U.S.C. 28 § 2254 petition before this Honorable Court, according to rules under U.S.C. 28 § 2244(b)(3)&(4).

Id.

Petitioner is correct that he must first seek permission

---

[1] Federal Rule of Civil Procedure 41 provides, in relevant part, that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

[2] Petitioner apparently intended to refer to Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  See Rules Governing Section 2254 Cases, Rule 9, 28 U.S.C.A. foll. § 2254 (2008); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

from the appropriate court of appeals, in this case the Court of Appeals for the First Circuit, before filing a second or successive habeas petition in this Court. Accordingly, the Court recommends that the Motion to Dismiss be ruled moot,[3] that the Motion to Withdraw be granted, and that the Petition be dismissed without prejudice.

## Conclusion

For the reasons stated above, I recommend that the Motion to Dismiss be ruled moot, that the Motion to Withdraw be granted, and that the Petition be dismissed without prejudice. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days[4] of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 7, 2009

---

[3] Because the First Circuit has not authorized this Court to consider the instant Petition, the Court declines to address Respondent's argument that the Petition is time-barred.

[4] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).